UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| E.H., a minor By her next friend M.H., and M.H., ) ) ) Plaintiff(s), ) ) vs. ) ) RITENOUR SCHOOL DISTRICT, ) ) Defendant(s). ) | Case No. 4:06CV00011 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on former Defendants Ritenour School District and Suzanne Johnson's Motion to Produce Documents under Seal [doc. #59], and former Defendants Ritenour School District and Suzanne Johnson's Motion for Protective Order Governing Production of Settlement and Release Agreement [doc. #60].

Tom Mickes, attorney for former Defendants Ritenour School District and Suzanne Johnson, was subpoenaed by the St. Louis County Court to produce the settlement agreement, that was entered into between the former Defendants and Plaintiffs in this case, and filed under seal with this Court. The State Court proceeding involves a suit filed by Plaintiff's former counsel in this matter, Larry A. Bagsby, against Plaintiff's current counsel, R. Greg Bailey, and against the Plaintiffs, seeking attorney's fees. After receiving the subpoena, Mr. Mickes filed a motion with this Court to be permitted to produce the sealed settlement agreement, and also filed a motion for a protective order, governing the production of the settlement agreement. The Plaintiffs filed a brief in support of the Defendant's Motion for a Protective Order. A hearing was held before this Court on January 23, 2007.

1

The Supreme Court has held that "[e]very court has supervisory power over its own records and files. . .." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Furthermore, a court may deny access to those files, where they might be used for improper purposes. *Id.* The Ninth Circuit specifically held that a district court's order sealing records is part of its inherent supervisory authority. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) ("Thus, the district court's order sealing its records was an exercise of its inherent supervisory power."). Clearly this Court had the authority to seal the settlement agreement that was entered into by the parties, which involved a minor plaintiff and a sensitive subject matter. As the Second Circuit has held, "access to sealed documents is ordinarily obtained by a request addressed to the discretion of the trial court which determines the question in light of the relevant circumstances. *United States v. Davis, IDT Corp.*, 702 F.2d 418, 423 (2nd Cir. 1983).

Mr. Bagsby is not a party to the pending action, and therefore is not privy to the contents of the settlement agreement. Although, some information contained in the settlement agreement may be relevant to Mr. Bagsby's state law action, that alone is not sufficient for this Court to produce the sealed document. Furthermore, the parties stated during the hearing before this Court that there is a Motion to Quash the subpoena currently pending before the State Court. In light of the sensitive subject matter of the settlement agreement, and the limited relevance to the state court action, this Court will not unseal the settlement agreement based upon the record before the Court at this time.

Accordingly,

**IT IS HEREBY ORDERED** that former Defendants Ritenour School District and Suzanne Johnson's Motion to Produce Document under Seal [doc. #59] is **DENIED.**

**IT IS FURTHER ORDERED** that the settlement agreement, filed under seal with this Court on November 6, 2006, will remain sealed at this time.

Dated this 23rd Day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE