UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| E.H., by and through Next Friend M.H., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV00011-ERW |
| ) | |
| GREGORY GILLILAND, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gilliland's Motions in Limine [docs. ##83-85], Defendant's Motion for Sanctions [doc. #91], Defendant's Motion to Dismiss or for Directed Verdict as to Plaintiff's Count V for Negligent Infliction of Emotional Distress [doc. #95], and Plaintiff E.H.'s Motion to Close Proceedings [doc. #98]. An in court hearing was held on June 20, 2007.

Motion in Limine #1

Defendant's first motion seeks to limit the testimony of M.H. and Plaintiff E.H., regarding Defendant's character as a repeat violent sexual offender, as such testimony is based on speculation and not the evidence in the case. Plaintiff is instructed that all witness are to address only factual information that is relevant to the case at hand. Neither M.H, nor any other Plaintiff witnesses may testify as an expert.

Motion in Limine #2

Defendant's second motion seeks to exclude evidence of instant message communications between Plaintiff and Defendant Gilliland that were sent after the inappropriate and offensive

1

touching occurred. Defendant asserts that these messages cannot form the basis of a battery claim, and will serve only to inflame the jury. Defendant further seeks to exclude any evidence of graphic content that was stored on Defendant Gilliland's computer, as those images do not involve Plaintiff and therefore are not relevant to the case at hand. Plaintiff responds that the evidence of instant message communications between Plaintiff and Defendant Gilliland show a pattern of conduct on the part of Defendant Gilliland, and that she is entitled to present the evidence to the jury. Specifically, Plaintiff asserts that the messages reference the prior conduct between Plaintiff and Defendant Gilliland that are at issue in this case. Plaintiff argues that the pornographic images are relevant to show that Defendant Gilliland's actions against Plaintiff were not isolated incidents.

The Court finds that the instant message communications are admissible insofar as they reference the conduct at issue between Plaintiff and Defendant Gilliland. The images of other women and girls that are not the subject of this action are excluded, as they are not relevant and their prejudicial value outweighs their probative value.

Motion in Limine #3

Defendant's third motion in limine seeks to exclude the testimony of Thomas Conran, Ph.D. Defendant asserts that Dr. Conran can only be used to give expert testimony, and therefore should be excluded as he has not been qualified as an expert. Plaintiff responds that Dr. Conran is Plaintiff E.H.'s treating psychologist, and will testify to his personal knowledge of Plaintiff.

After having heard the arguments of the parties, the Court holds that Dr. Conran is excluded as an expert witness. The Court will readdress the issue prior to trial, if Plaintiff can show specific testimony that Mr. Conran will give that is not in the nature of an expert opinion.

Defendant's Motion for Sanctions

Defendant seeks sanctions for Plaintiff's failure to comply with this Court's May 25, 2006 Case Management Order. Plaintiff failed to file jury instructions as required by the agreement, Plaintiff failed to provide Defense Counsel with deposition designations, Plaintiff has failed to provide authentication and identification of exhibits, and has failed to come to a stipulation with Defendant.

It is imperative that Plaintiff comply with all orders of this Court. The Court will not impose sanctions at this time, however, Plaintiff must provide this Court with agreed upon stipulations, and complete copies of all jury instructions by noon on Friday June 22, 2007. Failure to comply with this ruling will result in further action by this Court.

Defendant's Motion to Dismiss Count V

Defendant Gilliland asserts that Count V of Plaintiff's Complaint for Negligent Infliction of Emotional Distress should be dismissed. First, Defendant argues that a plaintiff can not simultaneously seek damages for intentional and negligent conduct, therefore Plaintiff's claim of battery precludes a negligence action. Second, Defendant argues that such a claim cannot succeed because Plaintiff has not designated any expert witnesses, and expert testimony is required to prove a medically diagnosable mental injury, which is a necessary element of a Negligent Infliction of Emotional Distress claim. Plaintiff has not filed a response.

Defendant's Motion to Dismiss is granted. Where a plaintiff alleges a traditional tort, such as battery, this supercedes a claim for negligent infliction of emotional distress. *See K.G. v. R.T.R.*, 918 S.W.2d 795, 800 (Mo. 1996) (Holding that acts of intentional offensive touching by father against daughter could not support a negligent infliction of emotional distress claim as the actions were clearly intended.). Furthermore, damages for emotional injury are recoverable under a claim for battery. *Id.* at 789. Therefore, Plaintiff is entitled to assert emotional damages

3

resulting from Defendant's battery, but a separate claim of negligent infliction of emotional distress cannot be sustained.

Plaintiff's Motion to Close Proceedings

Plaintiff seeks to close the proceedings from the public and the media due to the subject matter of the case and the age of the Plaintiff. Although the Court is mindful of the sensitive subject matter of the case at bar, closing proceedings is a drastic measure, and is not appropriate in this case. Court's are public places and absent a compelling reason, will remain open to the public. Plaintiff's motion to close proceedings is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine No. 1 [doc. #83] is **GRANTED**. All witnesses are to testify only to information about which they have personal knowledge, and which is relevant to the case.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine No. 2 [doc. #84] is **GRANTED in part** and **DENIED in part**. Instant Message communications between Plaintiff E.H. and Defendant Gilliland are admissible insofar as they reference past conduct between Plaintiff E.H. and Defendant Gilliland, they are not admissible for any other purpose. Images obtained from Defendant Gilliland's computer of other women and girls are not admissible.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine No. 3 [doc. #85] is **GRANTED**. The testimony of Dr. Conran is excluded.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions [doc. 91] is **DENIED** at this time. Plaintiff shall have until Friday June 22, 2007 at 12:00 p.m. (noon) to submit stipulations and a complete set of jury instructions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or for a Directed Verdict as to Count V [doc. #95] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Close Proceedings [doc. #98] is **DENIED**.

Dated this 20th Day of June, 2007.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE