UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| E.H, a minor, by her next friend M.H., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV00011 ERW |
| ) | |
| GREGORY GILLILAND, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Appointed Counsel's Motion for Attorney's Fees [doc. #106], Plaintiff's Counsel's Motion for Attorney's Fees [doc. #113], and Plaintiff's Motion for Hearing [doc. #114].

**I. Appointed Counsel's Motion for Attorney's Fees**

This Court appointed Daniel Peters of Herzog Crebs LLP, on February 2, 2006, to represent Defendant Gregory Gilliland in the above styled action. Mr. Peters diligently represented Defendant Gilliland throughout this proceeding, until the case was settled on June 26, 2007, the day before the case was set for trial. Mr. Peters now seeks attorney's fees and costs in the amount of $12,789.00.

Local Rule 12.03 provides that upon written motion and in the Court's discretion, disbursements may be made from the Non-Appropriated Fund to reimburse a court-appointed attorney for reasonable expenses and attorney's fees incurred in a civil matter on behalf of an indigent client. Local Rule 12.03. An administrative order, dated November 1, 2006, provides additional guidelines on how the funds are to be distributed. It allows for disbursements for out

1

of pocket expenses and attorney fees of appointed counsel, by a district judge or magistrate judge not exceeding $2,500.00.  Any award in excess of $2,500.00, must be referred to the chairperson, the whole committee, or a quorum of district judges, as appropriate.

Mr. Peters' representation of Defendant Gilliland was competent and professional, and therefore Mr. Peters is entitled to an award of attorney's fees and costs.  However, Mr. Peters has not provided the Court with evidence of circumstances that warrant an award in excess of the $2,500.00 this Court is permitted to award.[1]  Therefore, the Court orders that Mr. Peters be awarded fees and costs in the amount of $2,500.00.

## II. Plaintiff's Counsel's Motion for Attorney's Fees

Plaintiff's counsel has petitioned the Court for an order awarding attorney's fees in the amount of twenty-five percent of the settlement amount.  The parties in this case reached a settlement, at which time a Settlement Agreement was entered and approved by this Court.  The Settlement Agreement recognized that Plaintiff's counsel had been working under a contingency fee agreement, which provided for attorney's fees in the amount of twenty-five percent of any recovery prior to trial.  Plaintiff's counsel has not provided the Court with any basis for a separate order awarding attorney's fees.  Plaintiff's counsel's contingency arrangement is a contractual agreement between Plaintiff's counsel and his client.  Therefore it is unnecessary for the Court to hold a hearing on the matter, as no award of attorney's fees is appropriate.  Plaintiff's counsel's motion for fees and motion for a hearing are both denied.

Accordingly,

---

[1] This is not to imply that the statement of hours spent and hourly rate billed was not reasonable.  However, the local rules limit the amount of fees that may be awarded in all cases.

**IT IS HEREBY ORDERED** that Mr. Peters' request for Reimbursement of Out-Of-Pocket Expenses and Attorney's Fees [doc. #106] is **GRANTED in part** and **DENIED in part**. Mr. Peters' is entitled to Attorney's Fees and Costs in the amount of $2,500.00 to be paid from the non-appropriated fund.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel's Motion for Attorney's Fees [doc. #113] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing [doc. #114] is **DENIED**.

Dated this 26th Day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE